Lawrence Spasojevich (LS 0945)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LORIAH BLACKMAN,
*On behalf of Plaintiff and similarly situated individuals*,

                                                                CASE NO. 1:23-cv-851

                                        Plaintiff,          **COMPLAINT**

-against-


LA DOWNTOWN BROOKLYN, LLC
and LA-YARDLEY, LLC,

                                                                ECF Case,
                                        Defendant(s).

---

Plaintiff, LORIAH BLACKMAN, on behalf of Plaintiff and similarly situated individuals, by and through the undersigned attorney, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant(s), LA DOWNTOWN BROOKLYN, LLC, and LA-YARDLEY, LLC, (collectively "Defendant(s)"), and states as follows:

1

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff and similarly situated individuals are entitled to recover from Defendant(s): (1) unpaid wages; (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Further, Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff, as an individual is entitled to recover from Defendant(s): (1) lost wages; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

3.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and similarly situated individuals are entitled to recover from the Defendant(s): (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Finally, Plaintiff alleges that she was wrongfully terminated pursuant to NYLL § 215 *et. seq.* for asserting her right to timely payment under NYLL § 191 and, therefore, is entitled to recover from Defendant: (1) lost wages; (2) front pay; (3) liquidated damages; (4) attorneys' fees and costs; (5) prejudgment and post-judgment interest; and, (6) any award this Court deems fair and proper.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff and Plaintiff and similarly situated individuals' state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

7.      Plaintiff placed the Attorney General of the State of New York on notice of her NYLL §215(2) claims. Annexed hereto as Exhibit "A" is a copy of the correspondence to the Attorney General of the State of New York.

## PARTIES

8.      Plaintiff, LORIAH BLACKMAN, is an adult resident of Kings, New York.

9.      Upon information and belief, Defendant, LA DOWNTOWN BROOKLYN, LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a registered address of 116 Grand Street, 2nd Fl., Iselin, NJ 08830 and a place of business located at 237 Duffield Street, Brooklyn, NY, 11201.

10.      At all relevant times, Defendant, LA DOWNTOWN BROOKLYN, LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11.      Upon information and belief, Defendant, LA-YARDLEY, LLC, is a domestic business corporation, organized and existing under the laws of the State of Pennsylvania, with a place of business located at 116 Grand Street, 2nd Fl., Iselin, NJ 08830.

12.      At all relevant times, Defendant, LA-YARDLEY, LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13.      At all relevant times, the work performed by Plaintiff and similarly situated individuals were directly essential to the business operated by Defendant(s).

14.      At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff and similarly situated individuals the overtime wage rate for all hours worked over forty (40) hours in a week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

15.    Upon Plaintiff's recall and recollection, she began working for Defendant(s) on or about September 11, 2021 and remained employed by Defendant(s) until on or about November, 11, 2021.

16.    Upon Plaintiff's recall and recollection at least twenty-five percent (25%) of her duties were physical in nature. Thus, Plaintiff is a manual laborer under NYLL.

17.    Upon Plaintiff's recall and recollection, despite Plaintiff's status as a manual laborer, Defendant(s) paid Plaintiff bi-weekly rather than weekly.

18.    Upon Plaintiff's recall and recollection, from the beginning of her employment until on or about the week of October 15, 2021, Defendant, LA DOWNTOWN BROOKLYN, LLC employed Plaintiff to work five (5) days per week. Plaintiff worked five (5) hours per day, from 9:00 a.m. until 2:00 p.m.

19.    Upon Plaintiff's recall and recollection, from or about the week of October 15, 2021, until the end of Plaintiff's employment, Defendant, LA DOWNTOWN BROOKLYN, LLC, employed Plaintiff to work four (4) days per week. Plaintiff worked five (5) hours per day, from 9:00 a.m. until 2:00 p.m.

20.    Upon Plaintiff's recall and recollection, in October, during the pay period spanning from October 13, 2021, until October 26, 2021, Defendant, LA DOWNTOWN BROOKLYN, LLC, sent Plaintiff and similarly situated individuals on a temporary work assignment in Pennsylvania.

21.    Upon Plaintiff's recall and recollection, the trip lasted approximately two and a half (2.5) hours. Plaintiff and similarly situated individuals were not compensated for their time traveling to Pennsylvania nor traveling back home.

22.     Upon Plaintiff's recall and recollection, while in Pennsylvania, Plaintiff and similarly situated individuals worked five days under the direction and supervision of LA-YARDLEY, LLC: Monday through Friday. Each day, Plaintiff and similarly situated individuals worked from 8:00 a.m. until 6:00 p.m. with a thirty-minute lunch break.

23.     Thus, Plaintiff and similarly situated individuals worked nine and a half (9.5) hours per day that week for a total of forty-seven and a half (47.5) hours that week—exclusive of travel time.

24.     Further, Defendant(s) had Plaintiff say in a hotel for the week and would drive Plaintiff and similarly situated individuals from the hotel and back. Plaintiff and similarly situated individuals were not compensated for this time either.

25.     Upon Plaintiff's recall and recollection, in total, Plaintiff and similarly situated individuals were only compensated by LA-YARDLEY for forty (40) hours of work for this temporary work assignment.

26.     Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff and similarly situated individuals.

27.     Plaintiff and similarly situated individuals were not correctly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

28.     Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff and similarly situated individuals' wages for hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

29.     At all relevant times, upon information and belief, and during Plaintiff and similarly situated individuals' employment, the Defendant(s) failed to maintain accurate and sufficient time records.

30.     Defendant(s) did not provide Plaintiff and similarly situated individuals with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

31.     Upon information and belief, this was done to disguise the actual number of hours the Plaintiff and similarly situated individuals worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week.

32.     Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

33.     Plaintiff and similarly situated individuals have been substantially damaged by the Defendant(s)' wrongful conduct.

*Facts related to Loriah Blackman's Retaliation Claim*

34.     Plaintiff, LORIAH BLACKMAN, throughout the short duration of her employment by Defendant(s)', continuously insisted that she ought to be paid weekly rather than bi-weekly.

35.     Defendant(s) would call Plaintiff's complaint regarding her legal rights as her "being too aggressive," and "not being a team player."

36.     On November 11, 2021, Defendant(s) notified Plaintiff that her employment was terminated.

37.     Upon information and belief, Plaintiff's termination is directly related to her complaints asserting her right to be paid weekly under NYLL.

## DFENDANT'S ARE JOINT EMPLOYERS

38.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "37" of this Complaint as if fully set forth herein.

39.     When identifying employers under the FLSA, "statutory definitions sweep broadly." *Barfield v New York City Health and Hosps. Corp.*, 537 F3d 132, 140 (2d Cir 2008). The Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Id.*

40.     When analyzing formal control over an employee that created an employment relationship, the court in *Barfield* considered the following factors: power to hire and fire employees at will; supervision and control of work schedules and conditions of employment; and maintenance of employment records. *Id.* at 144.

41.     Here, the forgoing conduct, as alleged, shows that both named Defendants supervised the work Plaintiff and similarly situated individuals performed; as well as the conditions thereof, and set Plaintiff and similarly situated individuals' schedules.

42.     Here, the forgoing conduct as alleged, demonstrates both Defendants maintained employment records as each issued payment to Plaintiff and similarly situated individuals.

43.     Here, the forgoing conduct as alleged, demonstrates LA DOWNTOWN BROOKLYN, LLC. fired Plaintiff. Upon information and belief, both Defendants had the power to fire Plaintiff and similarly situated individuals.

44.     Thus, each herein named Defendant was a joint employer of Plaintiff and similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "44" of this Complaint as if fully set forth herein.

46.     The Plaintiff brings this FLSA Collective action on behalf of Plaintiff and all other persons similarly situated under §16(b) of the FLSA which provides, in pertinent part, "an action to recover the liability prescribed in either the preceding sentences may be maintained against any employer … by one or more individuals for and in behalf of himself or themselves and other individuals similarly situated."

47.     The Collective Class consists of all current and former non-exempt, nursery school teachers who worked for Defendant(s) who were not paid the minimum wage for all hours worked, not paid wages at the overtime rate when working more than forty (40) hours in a workweek, and/or not being paid weekly.

48.     Section 13 of the FLSA exempts specific categories of individuals from overtime pay obligations. None of the FLSA exemptions from overtime pay apply to the Plaintiff or Collective Members.

### COUNT 1
### [Violation of the Fair Labor Standards Act]

49.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "48" of this Complaint as if fully set forth herein.

50.     At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendant(s) employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

52.     Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

53.     Plaintiff and similarly situated individuals were entitled to be paid for all hours worked in a week at the minimum wage rate as provided for in the FLSA.

54.     Defendant(s) failed to pay Plaintiff and similarly situated individuals' compensation in the lawful amount for all hours worked in a week as provided for in the FLSA.

55.     Plaintiff and similarly situated individuals were entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

56.     Defendant(s) failed to pay Plaintiff and similarly situated individuals' compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA.

57.     At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

58.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have

known such was due, and that non-payment of an overtime rate would financially injure Plaintiff and similarly situated individuals.

59.     Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

60.     Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals and the actual compensation paid to Plaintiff and similarly situated individuals are in the possession and custody of the Defendant(s). Plaintiff and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

61.     Defendant(s) failed to disclose or apprise Plaintiff and similarly situated individuals properly of the rights under the FLSA.

62.     As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages under the FLSA.

63.     Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiff and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages at the overtime wage rate, and an equal amount as liquidated damages and prejudgment interest thereon.

64.     Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs, and expenses, under 29 U.S.C. § 216(b).

## COUNT 2
## [Violation of the New York Labor Laws]

65.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "64" of this Complaint as if fully set forth herein.

66.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff and similarly situated individuals.

67.     Defendant(s), under their policies and practices, refused and failed to pay the earned wage to Plaintiff and similarly situated individuals for all hours worked in a week.

68.     By failing to compensate Plaintiff and similarly situated individuals a wage for all hours worked in a week, Defendant(s) violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

69.     Defendant(s), under their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in a week.

70.     By failing to compensate Plaintiff and similarly situated individuals a wage for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

71.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

72.     Therefore, Defendant(s) knowingly and willfully violated Plaintiff and similarly situated individuals' rights by failing to pay Plaintiff and similarly situated individuals' compensation for all hours worked over forty (40) hours in a week in a workweek at the overtime wage rate.

73.     Due to the Defendant(s)' NYLL violations, Plaintiff and similarly situated individuals are entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and § 198.

74.     Plaintiff and similarly situated individuals also seek liquidated damages under NYLL § 663(1).

## COUNT 3
## [Late Payment of Wages]

75.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "74."

76.     NYLL § 191(1)(a) provides that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned…."

77.     Defendant maintained a policy of paying Plaintiff and similarly situated individuals on a bi-weekly basis as opposed to weekly.

78.     By failing to compensate Plaintiff and similarly situated individuals on a weekly basis, Defendant violated Plaintiff and similarly situated individuals statutory rights under the NYLL.

79.     The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

80.     Therefore, Defendant' knowingly and willfully violated Plaintiff and similarly situated individuals rights by failing to pay Plaintiff and similarly situated individuals on a weekly basis.

81.     Due to the Defendant's NYLL violations, Plaintiff and similarly situated individuals are entitled to recover from Defendant, liquidated damages for failure to timely pay Plaintiff and similarly situated individuals on a weekly basis, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

## COUNT 4
## [Failure to provide a Wage Notice]

82.    Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83.    The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

84.    Defendant(s) has/have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

85.    Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

86.    Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff and similarly situated individuals with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 5
## [Failure to provide Wage Statements]

87.    Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "86" of this Complaint as if fully set forth herein.

88.     Defendant(s) has/have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

89.     Through knowingly or intentionally failing to provide the Plaintiff and similarly situated individuals with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

90.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

### COUNT 6
### [Retaliation Claim]

91.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1"-"90".

92.     Pursuant to NYLL § 215(1)(a) "[n]o employer or his or her agent… or any other person, shall discharge… any employee [] because such employee has made a complaint to his or her employer… that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…."

93.     By discharging Plaintiff after Plaintiff complained about receiving bi-weekly wages as opposed to the weekly wages Plaintiff was entitled to under NYLL § 191, Defendant violated NYLL § 215(1)(a).

94.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

95.     Due to Defendant's willful violations, Plaintiff is entitled to recover from Defendant, lost wages due to her wrongful termination pursuant to NYLL § 215.

96.     Plaintiff also seeks front pay pursuant to NYLL § 215.

97.     Plaintiff also seeks reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

98.     Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated individuals request that this Court grant the following relief:

(a)    An award of unpaid wages at the minimum wage rate due under the FLSA;

(b)    An award of liquidated damages as a result of Defendant(s)' failure to pay minimum wages for all hours worked pursuant to 29 U.S.C. § 216;

(c)    An award of unpaid wages at the minimum wage rate under the NYLL

(d)    An award of unpaid wages at the overtime wage rate due under the FLSA;

(e)    An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(f)    An award of unpaid wages at the overtime wage rate under the NYLL;

(g)    An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the minimum wage rate and the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(h)    An award of liquidated damages as a result of Defendant(s) late payment of wages;

(i)    An award of front pay for Plaintiff, LORIAH BLACKMAN's, retaliatory termination pursuant to NYLL § 215.

(j)    An award of lost wages for Plaintiff, LORIAH BLACKMAN's, retaliatory termination pursuant to NYLL § 215.

(k)    An award of prejudgment and post-judgment interest;

(l)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(m)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
        February 3, 2023

Respectfully submitted

By: *Lawrence Spasojevich*
        Lawrence Spasojevich (LS 0945)